JOHN L. McCORMICK, Appellant, v. HENRY TATE, Appellee.

APPEAL FROM LA SALLE COUNTY COURT.

Where a demurrer to a plea to one of the counts of a declaration is overruled, and the plaintiff stands by his demurrer, the order of the court amounts to a judgment in bar of the cause of action in that count, and it is no longer before the court for trial.

Where a party alleges in his pleadings in an action of trespass *quare clausum fregit*, that the damage to plaintiff arose by reason of the removal of a partition fence, of which removal the plaintiff had been notified, the pleading should show that the notice was given in due time, and to a proper person.

An averment in such pleading that plaintiff had reasonable notice, is insufficient.

A partition fence, whether existing by agreement, by acquiescence, or under the statute, cannot be removed until the parties interested in its remaining are properly notified of the intended removal.

The case of *Buckmaster* v. *Coole*, in 12th Ill. R. 76, considered and approved.

THIS case was tried in the La Salle County Court. The opinion of the court states the pleadings.

W. H. L. WALLACE, for Appellant.

CHUMASERO & ELDREDGE, for Appellee.

WALKER, J. This was an action of trespass, commenced by Tate against McCormick, in the La Salle County Court, for injuries to plaintiff's close. The suit was brought to the March term, 1856, and the declaration contained two counts. The first alleges that defendant, with force and arms, broke plaintiff's close, and broke down and removed the fences on the east side of E. half, S. W. 18, 33 N., 1 E., and W. half S. E. 18, 33 N., 1 E., and trampled and despoiled the grass and corn of plaintiff, and with

McCormick *v.* Tate.

cattle, depastured the grass and corn, and damaged the soil, and broke down and destroyed one hundred rods of plaintiff's fence, to his damage one thousand dollars. The second count alleges that the defendant broke other closes of the plaintiff, describing them as the W. half of S. E. qr., and the E. half S. W. qr. 18, 33 N., 1 E., abutting towards the east, on defendant's close, and broke down one hundred rods of fence between the plaintiff's and defendant's closes, and with cattle and horses, etc., destroyed the grass and corn of plaintiff, to his damage one thousand dollars.

The defendant filed four pleas. 1st, The general issue to the whole declaration; 2nd, *Liberum tenementum* to the whole declaration; 3rd, That the close of the plaintiff was not surrounded by a good and sufficient fence; 4th, (to the second count), That defendant had built, and then maintained, one-half of said partition fence, which was a good and sufficient fence, and that it was plaintiff's duty to build and maintain the balance of said partition fence, but that he neglected to do so, by means whereof defendant's cattle, running in his own close, escaped through that portion of the fence, which was the same trespass complained of, etc.

Plaintiff filed to the general issue a *similiter*. To the plea of *liberum tenementum*, a replication, denying that the closes were the soil and freehold of defendant, and upon it issue was joined to the country. To defendant's third plea, a special replication, that the closes were surrounded by a fence until just before the trespass complained of, and defendant was in possession of the land adjoining on the east of plaintiff's close, and defendant tore down the partition fence between plaintiff's and defendant's closes, and turned his cattle into his (defendant's) close, and the cattle entered from defendant's close through the broken fence, and committed the trespasses, etc. To defendant's fourth plea, a special replication, that shortly before the trespasses, etc., there was a partition fence between plaintiff's and defendant's closes, which was, shortly before the trespasses, torn down by defendant, and afterwards defendant turned his cattle into his own close, and they entered through the broken fence, and committed the trespasses, etc. The defendant filed a general demurrer to plaintiff's replication to defendant's third and fourth pleas. The plaintiff confessed the demurrer to his replication to defendant's fourth plea, and leave was given to amend. The demurrer was sustained to plaintiff's replication to defendant's third plea, and also to defendant's third plea. Plaintiff filed an amended replication to defendant's fourth plea—that the plaintiff's closes mentioned in the declaration were inclosed by fences, and adjoined on the east to

closes of the defendant, and the partition between the closes was undivided, and plaintiff and defendant were equally bound to maintain the fence; that the fence was not good and sufficient, and defendant tore down a portion of the fence, and put his cattle into his own premises to depasture, whence they escaped through the space in the fence, and committed the trespasses; and concludes to the country. By leave of the court, defendant filed an amended third plea to the first count of the declaration—that he was not guilty of throwing down any fence belonging to plaintiff and situated on plaintiff's close, nor treading down the corn, etc., of the plaintiff in said close, and that the close was not surrounded by a good and sufficient fence, and by reason thereof, the cattle, lawfully running on defendant's adjoining close, without defendant's fault, strayed on plaintiff's close. To this plea plaintiff demurred, which the court overruled, and plaintiff abided by his demurrer. The defendant filed a rejoinder to plaintiff's replication to his fourth plea—that the supposed partition fence was wholly on his own land, and not between the closes of plaintiff and defendant, and the rails of that part of the partition fence removed by plaintiff were not the plaintiff's rails, but were the property of the defendant, and moved by him, as he lawfully might, and the cattle were not turned into defendant's close until after reasonable notice, etc. This rejoinder was filed on the eleventh day of June, 1856, and before a jury was empanneled, and it was on the same day stricken from the files. The defendant had been ruled on the ninth to rejoin by the eleventh.

The cause was tried by the court and a jury, and a verdict was rendered in favor of plaintiff for three hundred dollars damages. Defendant entered a motion for a new trial, which the court overruled, and rendered judgment upon the verdict, from which defendant appeals to this court.

The bill of exceptions in this case having been suppressed at a former term of this court, no questions can arise on the evidence or instructions in the case, and we shall confine ourselves in its consideration to the other questions presented by the record.

The first question presented by the record is, whether the defendant's third plea remained unanswered at the time of the trial. To this plea plaintiff demurred, which was overruled by the court, and plaintiff abided by his demurrer. The court, by overruling the demurrer, held the plea sufficient as a defense to the first count, which it purported to answer, and it was a judgment in bar of the cause of action set forth in that count. That judgment disposed of the first count, with all the issues under it, and it was not before the court for trial.

We shall proceed to determine whether the rejoinder presents

a defense to the second count. By the defendant's fourth plea, by the plaintiff's replication and this rejoinder, it appears that the fence which defendant removed was a partition fence between plaintiff's and defendant's farms. Whether it became so by agreement, by acquiescence, or under the statute, does not appear. But the defendant, in his fourth plea, alleges that it was a partition fence, that he had built and maintained one-half of it, and that it was the duty of the plaintiff to maintain the other half, which he had failed to do. From this, it would seem that it had become a partition fence either by agreement or under the statute ; and whether it was under the one or the other, it was the duty of the defendant to give to plaintiff a reasonable notice of the time when he intended to remove it. When a notice is necessary, it ought to appear that the notice was given in due time and to the proper person. 1 Chit. Pl. 329. The allegation of notice in this rejoinder is general, that the plaintiff had reasonable notice, but when it was given or what it contained, is wholly omitted, and the court cannot see that it was sufficient. The rejoinder does not give the circumstances that would authorize the defendant to remove this fence ; it alleges that the rails belonged to defendant and were in the fence which stood on his own land. This might be true, and yet if it was a partition fence by agreement, by acquiescence, or under the statute, he had no right to remove it until the plaintiff had received sufficient notice. As it was a partition fence, and plaintiff was bound to maintain one-half and the defendant the other half, the inference that plaintiff had a right to rely on it to protect his crops, must be rebutted, and this rejoinder does not rebut that presumption.

This court, in a case where several persons had raised a crop of corn in a field surrounded by a common fence, and one of them erected an inside fence to protect his crop ; the plaintiff, in the month of September, purchased eighteen acres of corn in this field, and defendant's servants, in the month of November, removed a part of the inside fence, by means of which stock entered the field and destroyed plaintiff's corn, held that the plaintiff had a right to recover. And the court also held that it was not error to refuse to permit the defendant to show that it was the duty of plaintiff to repair the outside fence, and the court say, that from aught that appears, the plaintiff had an undoubted right to rely on this fence to protect his property. *Buckmaster* v. *Coole*, 12 Ill. R. 76. This decision seems to be opposed to the case of *Seeley v. Peters*, 5 Gilm. R. 130. In that case the court held that there was no general law in this State prohibiting cattle from running at large in the highway and commons, and in order to maintain an action of trespass of cattle

on one's close, the owner must have it surrounded by a good and sufficient fence, and that the common law requiring the owner of cattle to keep them on his own land has never been in force in Illinois. That was a case where cattle broke into plaintiff's inclosure from the highway, and in the case of *Buckmaster* v. *Coole*, they entered through the space where an inside fence had been removed which had protected the crops. The latter decision limits and qualifies the first to stock running at large in the highways and commons, and leaves the common law in force as to inside fences, unless regulated by the statute regarding partition fences. We do not feel inclined to disturb the decision of *Buckmaster* v. *Coole*. By the common law, every man was bound to keep his cattle on his own land, or respond in damages for their trespasses. And it was one of its rules, that no man is bound to fence his close against an adjoining field, but every man is bound to keep his cattle in his own field at his peril. *Rust* v. *Low*, 6 Mass. R. 91; Bro. Trespass, 345, 359; Fitz, N. B. 128. But this legal obligation might be changed by prescription, and by covenant. And in this State it can be done under the statute regulating partition fences. If parties desire to avoid the common law duty in cases of adjoining fields, they may do so under our statute by compelling contribution for the erection and maintenance of such a fence. This statute does abridge individual rights, but permits any one to fence his land in his own way, or when a fence has become a division fence, compels both parties to contribute equally to its support, which is eminently just. Upon this record we are unable to perceive any error that should reverse the judgment of the court below, and the same should be affirmed.

*Judgment affirmed.*