AUGUSTE WENDE, Admx., Defendant in Error, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed December 22, 1915—Rehearing denied Feb. 4, 1916.*

1. PLEADING—*effect where the original count is amended in a material respect.* Where an original count in the declaration is amended in a material respect, so as to make a new count substantially different from the original, the defendant has a right to plead *de novo* to the new count as a whole, and if a plea of the Statute of Limitations is filed and a demurrer to the plea overruled, the plaintiff must either elect to stand by the demurrer or obtain leave to restore the count to its original form, otherwise the defendant is entitled to judgment as to the entire amended count.

2. SAME—*court cannot arbitrarily order original count and plea to stand.* Where an original count in the declaration is amended in a material respect, a plea of the Statute of Limitations is filed and a demurrer to such plea is overruled, the court cannot give the plaintiff the benefit of standing by her demurrer and at the same time arbitrarily order the original count and plea of general issue thereto to stand and thereafter permit evidence to be introduced in support of such original count.

3. NEGLIGENCE—*when evidence of condition of child's body may be admitted.* In an action against a street railway company for damages for the alleged negligent killing of a child, where there is a controversy as to whether the child stumbled and fell and was run over by the car or whether she was struck by a corner of the

car and knocked down, evidence of the condition of the child's body when it was taken from under the car may be admitted.

4. SAME—*when an instruction does not assume that the defendant was guilty of negligence.* An instruction telling the jury they should find the defendant guilty if they believed that the deceased, while in the exercise of ordinary care for her own safety, lost her life "by and through the negligence of the defendant, as charged in the declaration," does not assume that the defendant was guilty of negligence.

5. APPEALS AND ERRORS—*when the judgment cannot be upheld.* Even though there may be evidence tending to support one count of the declaration in a personal injury case, yet if the main proof is under a count which is not properly in the case and it is impossible to say under which count the verdict was returned, the judgment cannot be upheld.

6. SAME—*what is not a waiver of alleged error.* The right to avail of error of the trial court in arbitrarily holding a certain count of the declaration to be in the case and in allowing proof to be made thereunder is not waived by the defendant by supplementing or contradicting such proof.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

GEORGE W. MILLER, JOHN E. KEHOE, and ARTHUR J. DONOVAN, (JOHN R. GUILLIAMS, of counsel,) for plaintiff in error.

ALEXANDER H. HEYMAN, (FRANCIS W. WALKER, of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

On May 4, 1911, Ella Wende, a child nine years of age, was run over and killed by one of the cars of the Chicago City Railway Company while attempting to cross West Sixty-ninth street near the intersection of that street with Justine street, in the city of Chicago. She left her surviving Oscar Wende, her father, and Auguste Wende, her

mother, as her next of kin. Thereafter, Auguste Wende having been appointed administratrix of the estate of Ella Wende, as such administratrix brought an action against the railway company to recover damages occasioned by the death of her intestate. A declaration was filed, to which a demurrer was sustained. Subsequently an amended declaration, consisting of four counts, was filed. The first count charged that the defendant, by its servants, so carelessly and negligently drove, managed and propelled the car that it ran into and struck with great force and violence the body of the child, and that the child was thereby thrown down and under said car and killed. The negligence charged by the second count was the alleged failure of the servants of the defendant in charge of the car to sound the gong or give any warning of the approach of the car. The third count alleged that while the child was attempting to cross the tracks of the defendant in West Sixty-ninth street she fell directly in front of the car. The count then alleged that there were then in force in the city of Chicago two certain ordinances, which are set out in the count. The first ordinance so set out required all corporations operating street cars in the city of Chicago to equip their cars with fenders of steel and of the basket kind, substantially attached to the front of each car, so as to guard passengers and pedestrians from being injured or thrown under the wheels. The second ordinance so set out, being the franchise ordinance of the Chicago City Railway Company, required that company to equip all of its cars with "efficient and serviceable fender devices, headlights and sand-boxes." The count then alleged that it was the duty of the defendant to observe said ordinances and to have upon its said car a proper, useful, serviceable and efficient fender; that if the defendant had complied with said ordinances and had had such a fender on its car Ella Wende would not have been killed or seriously injured, but that the defendant failed to comply with the terms of said ordinances and had

upon said car an old, defective, useless and non-efficient fender; that said fender, when deceased struck it, failed to work properly, wherefore her body was permitted to get under the trucks and other parts of the car and she was thereby killed. As the suit was subsequently dismissed by the plaintiff as to the fourth count it is not necessary to mention any of its allegations.

The defendant filed the general issue to each of the counts of the amended declaration and the plaintiff joined issue thereon. Thereafter, on April 2, 1913, the plaintiff was granted leave to amend the third count of the amended declaration, and the defendant was ruled to plead to the third amended count as amended, within five days. The amendment made to the third count of the amended declaration consisted of striking out the first ordinance set forth in the third count of the amended declaration and inserting in lieu thereof another ordinance which, in substance, provided that all corporations operating street cars in the city of Chicago should equip their cars with fenders of a type and design satisfactory to the commissioner of public works, and that such fender should be securely attached to the front end of each car so as to guard passengers and pedestrians from being injured or thrown under the wheels of the car. The defendant filed the general issue and a plea setting up the Statute of Limitations to the third count as thus amended. The plaintiff demurred to the plea setting up the Statute of Limitations. The court overruled the demurrer and the plaintiff excepted to this action of the court and elected to stand by the demurrer, whereupon the court entered an order which, after verdict, was on motion of the plaintiff amended and corrected so as to correctly set forth the action taken when the demurrer was overruled, and which reads as follows:

"On motion of the defendant it is ordered that the demurrer of the plaintiff filed May 12, 1913, to the plea of the Statute of Limitations filed April 4, 1913, is overruled,

to which ruling the plaintiff excepts and elects to stand by her demurrer. Defendant asks for judgment on the plea of the Statute of Limitations filed April 4, 1913, and that the suit be dismissed as to the third amended count filed November 10, 1911, as amended April 2, 1913, and the court denies the motion of the defendant to dismiss the suit as to the third amended count filed November 10, 1911, as amended April 2, 1913, to which ruling the defendant excepts and the court dismisses the suit as to the amendment to the third amended count filed April 2, 1913; and the court further orders that the third amended count filed November 10, 1911, and the plea of the general issue of the defendant thereto and the replication of the plaintiff thereto stand, to which the defendant excepts, and thereupon the defendant moves the court to vacate the foregoing order, which motion is by the court continued."

Thereafter the motion last mentioned was denied, to which the defendant excepted. After the issues were thus settled a trial was had before a jury and a verdict was returned awarding the plaintiff $3000 as damages. After overruling motions for a new trial and in arrest of judgment the court rendered judgment against the defendant upon the verdict, from which judgment defendant prosecuted an appeal to the Appellate Court for the First District, and the judgment of the circuit court was there affirmed. A writ of *certiorari* having been allowed by this court upon the petition of the railway company, the record has been brought here for review.

At the close of defendant in error's case, and again at the close of all the evidence, plaintiff in error requested the court to instruct the jury to return a verdict finding plaintiff in error not guilty. The refusal of the court to give this instruction is one of the grounds urged for reversal, it being contended by plaintiff in error that Ella Wende was, as a matter of law, guilty of contributory negligence. Other grounds for reversal are, that after the demurrer to

the plea setting up the Statute of Limitations to the third count of the amended declaration as amended had been overruled and defendant in error had elected to stand by her demurrer, the court should have rendered judgment in favor of the plaintiff in error on that plea as to the entire count, and that the court erred in the admission of evidence and in giving an instruction offered by defendant in error. No cross-errors have been assigned by defendant in error.

The third count of the amended declaration was amended in a material respect by the amendment of April 2, 1913. The third count of the amended declaration was thereby abandoned and was no longer a part of defendant in error's averments against plaintiff in error. (*Maegerlein v. City of Chicago,* 237 Ill. 159.) By the amendment of April 2, 1913, a new count, substantially different from the third count of the amended declaration, was substituted for the third count of the amended declaration, and plaintiff in error had the right to plead *de novo* to the new count as a whole. (*Griswold v. Shaw,* 79 Ill. 449.) It exercised this right by pleading the Statute of Limitations to the third count of the amended declaration as amended, and this plea was directed to the new count as an entirety. The demurrer to the plea of the Statute of Limitations presented to the court the question, as one of law, whether the cause of action set up by the new count was another and different cause of action than that set up by the original third count. (*Chicago and Northwestern Railway Co. v. Gillison,* 173 Ill. 264.) The court, by overruling the demurrer, held that the new count did set up another and different cause of action than that set up in the original count. The defendant in error then had the option of standing by her demurrer or of obtaining leave of court to amend the third count of the amended declaration as amended so as to obviate the objection that it stated a new cause of action. She elected to stand by her demurrer and thereby forfeited

her right to amend the third count of the amended declaration as amended by restoring the count to its original form or otherwise changing it so as to remove the objection which had been raised by the plea of the Statute of Limitations. When defendant in error elected to stand by her demurrer the court should have rendered judgment in favor of plaintiff in error as to the entire third count of the amended declaration as amended. (*McCormick* v. *Tate*, 20 Ill. 334; *Ward* v. *Stout*, 32 id. 399; *Weiss* v. *Binnian*, 178 id. 241; *People* v. *Opera House Co.* 249 id. 106.) The amendment of April 2, 1913, was not a count in itself. Standing alone it meant nothing. The plea of the Statute of Limitations was not interposed to the amendment but was interposed to the entire third count of the amended declaration as amended. The court was not warranted in arbitrarily ordering that the third count of the amended declaration as it stood prior to the amendment of April 2, 1913, and the plea of the general issue and the replication thereto, be restored. By the order entered defendant in error was permitted to stand on her contention that the plea was bad and at the same time have the same benefit as though she had submitted to the ruling of the court on the demurrer and had asked leave to amend the third count of the amended declaration as amended. A party cannot elect to stand by his demurrer and at the same time receive the benefit he would have received had he elected to abandon the demurrer and plead over.

It is contended that plaintiff in error by its conduct waived the error of the court in refusing to render judgment on the third count. After the court had ordered the third count of the amended declaration to stand as it was originally drawn, defendant in error, over the objection of plaintiff in error, offered proof under it. After the court had overruled its objections to this evidence, based upon the ground that the third count was no longer in the case, the plaintiff in error cross-examined the witnesses and also

offered further proof on the same subject. By this procedure plaintiff in error did not waive its right to urge as error the action of the court in arbitrarily supplying the pleadings. After the court had ruled that the third count of the amended declaration as originally drawn was still in the case and that proof could properly be made under it, plaintiff in error had the right to supplement or contradict that proof without prejudice to its right to complain of the action of the court in refusing to render judgment as to the third count. *City of Chicago* v. *Spoor,* 190 Ill. 340.

The court erred in refusing to render judgment in favor of plaintiff in error as to the third count of the amended declaration as amended when the defendant in error elected to abide by her demurrer. Whether the trial court properly overruled the demurrer to the plea of the Statute of Limitations is not before us for determination, as no cross-errors have been assigned.

One witness on behalf of defendant in error testified to facts which tend to show that the motorman was negligent at the time of the accident, as alleged in the first count of the amended declaration, and was not attending to his duties, and this testimony was corroborated in some particulars by facts and circumstances testified to by other witnesses. The testimony of this witness was sharply contradicted by witnesses called both on the part of defendant in error and on the part of plaintiff in error. The main proof in the case of defendant in error, however, was made under the third count, which was restored by order of court. The franchise ordinance requiring plaintiff in error to equip its cars with efficient and serviceable fender devices was introduced in evidence, and testimony was offered to the effect that the fender on the car in question was not efficient and did not operate at the time of the accident. While in our judgment there was sufficient proof made under the first count of the amended declaration to sustain a verdict,

it is impossible to say under which count the verdict was returned.

For the error indicated in requiring plaintiff in error to proceed to trial upon a count which was no longer a part of the pleadings, and in permitting defendant in error to offer proof under that count, the judgment of the circuit court should have been reversed.

Complaint is made that the court erred in admitting testimony on behalf of defendant in error concerning the condition of the child's body when it was removed from under the car. The theory upon which plaintiff in error tried the case was, that the child attempted to cross the track of an east-bound car and was struck and knocked down by the northeast corner of the car. The theory upon which defendant in error tried the case was, that in crossing the track the child stumbled and fell and was run over by the car. The wheels of the car did not pass over the child's body but she was crushed by the guard-rail or some other portion of the car while she was being rolled under the car between the rails. As according to the theory of plaintiff in error it would be most likely that the wheels of the car would pass over the child's body, a description of the injuries she received was proper as tending to show such injuries were not received in the manner contended for by plaintiff in error. This evidence was properly admitted. All the evidence admitted to prove the negligence charged in the third count of the amended declaration should have been excluded.

Complaint is made of the giving of one instruction offered by defendant in error. By this instruction the jury were told that if they believed Ella Wende, while in the exercise of ordinary care for her own safety, lost her life "by and through the negligence of the defendant as charged in the declaration," then they should find the defendant guilty. It is contended this instruction assumes that the defendant was guilty of the negligence charged in the dec-

laration, and that it only submitted to the jury the question whether Ella Wende lost her life by and through such negligence. We do not think the language quoted will bear this construction. There was no error in giving this instruction.

As the cause must be remanded for a new trial we do not deem it necessary or proper to pass upon the question of the alleged contributory negligence of the deceased.

The judgments of the circuit and Appellate Courts are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*