THE GUEST PIANO COMPANY, Appellant, *vs.* H. FRANK J. RICKER *et al.* Appellees.

*Opinion filed June 22, 1916—Rehearing denied October 11, 1916.*

1. CONSTITUTIONAL LAW—*penalty provision of Foreign Corporations act of 1905 is within the title.* Section 6 of the act of May 18, 1905, "to regulate the admission of foreign corporations for profit, to do business in the State of Illinois," which provides the penalty for a violation of the act, is within the title of the act and is valid.

2. CORPORATIONS—*when an unlicensed foreign corporation can not maintain replevin.* A foreign corporation cannot maintain an action of replevin to recover goods leased by it under contracts made by it in Illinois without having complied with the laws authorizing it to do business in Illinois.

3. PLEADING—*what allegations are mere surplusage.* Where a plea to an action of replevin by a foreign corporation presents the complete defense that the corporation is transacting its business of leasing and selling goods in Illinois without complying with the Illinois laws, allegations to the effect that the defendant was an

innocent purchaser of the goods from the plaintiff's lessee without notice of the lease present no defense and are mere surplusage.

4. REPLEVIN—*when writ of retorno is properly issued.* Where a plea to a declaration in replevin presents a complete defense and the plaintiff demurs to the plea and elects to stand by the demurrer after it is overruled, it is proper practice to enter judgment for the defendant and issue a writ of *retorno.*

5. SAME—*when purchaser cannot withhold property from true owner.* A purchaser from a lessee or bailee for hire, in possession by virtue of an ordinary lease, cannot withhold the property from the lessor or true owner, although he purchased for value and without notice.

APPEAL from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding.

L. H. BERGER, for appellant.

FRANK J. PENICK, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

The appellant, the Guest Piano Company, sued out a writ of replevin from the circuit court of Adams county against appellees, H. Frank J. Ricker and the Gem City Hotel Company, for one Chickering baby grand piano, one Guest upright piano, one bench and one piano stool. The writ was served and the property taken. Appellees filed seven pleas to the declaration. Issue was joined on five of these pleas and a demurrer was interposed to each of the remaining two pleas. The court overruled the demurrers, and appellant having elected to stand by its demurrers, it was ordered that appellant be precluded from maintaining the suit and judgment was rendered in favor of appellees. Upon application by appellees a writ of *retorno* was issued, and this appeal followed.

Each of the pleas demurred to answered the whole declaration, and if either of them was good the court did not err in rendering judgment·in favor of appellees. One of these pleas alleged that plaintiff is a corporation for profit,

organized under the laws of the State of Iowa; that before the beginning of this suit it had not complied with the laws of Illinois relative to foreign corporations, as required by the act of May 18, 1905, regulating the admission of foreign corporations for profit to do business in the State of Illinois; that it is not licensed to do business in this State and has not complied with the laws of the State in that regard; that subsequent to July 1, 1905, when this act went into effect, appellant was conducting a general business of selling and leasing pianos within the State of Illinois, the sales, leases and contracts being made and executed wholly within the State of Illinois; that appellant maintained a salesroom in the city of Quincy, Illinois, and there had pianos for sale and for lease, and was conducting and carrying on a general piano sale and leasing business without having complied with the laws of Illinois; that subsequent to July 1, 1905, it leased to the E. D. R. Hotel Company the pianos and other goods and chattels mentioned in the declaration, which were then in appellant's store-room in the city of Quincy, which lease and all transactions relative thereto were made and executed within the State of Illinois; that the contract or lease relative to said chattels is in writing, and that appellant is in possession of the same and appellees are unable to set out the same either in substance or in form, but that the contract of leasing provided for a return under certain terms or conditions; that H. Frank J. Ricker, at the time he purchased the pianos from the E. D. R. Hotel Company, had no notice of any such contract for the return of the same, either actual or constructive, and that if any such contract existed the same was and is wholly void and of no force and effect.

Appellant first contends that this plea presented no defense to the action, for the reason that the act of May 18, 1905, entitled "An act to regulate the admission of foreign corporations for profit, to do business in the State of Illinois," approved May 18, 1905, in force July 1, 1905, is in-

valid because it violates section 13 of article 4 of the constitution, which provides that "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." By section 6 of the act of May 18, 1905, it is provided that every foreign corporation amenable to the provisions of the act which shall neglect or fail to comply with any of its provisions shall be subject to a penalty of not less than $1000 nor more than $10,000, to be recovered in any court of competent jurisdiction, and, in addition to such penalty, if, after the act shall take effect, any foreign corporation shall fail to comply therewith, no suit can be maintained by it, either at law or in equity, upon any claim, legal or equitable, whether arising out of contract or tort, in any court of this State. It is contended that this section is not within the title of the act as contemplated by section 13 of article 4 of the constitution. The mere reading of the title of the act answers this contention. It does not require any extended discussion to show that this section is properly included within the title. It is very proper to include within an act regulating the admission of foreign corporations for profit to do business in this State a provision for a penalty for a violation of the act. Such an act would be entirely ineffective without any penalty for a failure to comply with its provisions.

It is also urged that the demurrer should have been sustained to this plea upon the special ground assigned that the plea is double, in that it sets up as a defense to the action, first, that H. Frank J. Ricker was an innocent purchaser for value; and second, that appellant was doing business in this State without having complied with the laws relating to foreign corporations and therefore cannot maintain the action. The allegations in respect to the leasing of the chattels to the hotel company and the sale of the same by it to

an innocent purchaser do not constitute any defense to the action. A purchaser from a lessee or bailee for hire, in possession by virtue of an ordinary lease, cannot withhold the property from the lessor or true owner, although he purchased for value and without notice. These allegations, if proven, would not constitute a bar. As contained in this plea they are mere surplusage. The only defense interposed by the plea was that appellant was an unlicensed foreign corporation doing business in this State and not entitled to maintain this action. The demurrer was properly overruled as to this plea, and as the plea constitutes a complete defense to the whole of appellant's action, judgment was properly entered for appellees when appellant elected to stand by its demurrer, and the writ of *retorno* was properly issued. · *Dana* v. *Bryant,* 1 Gilm. 104; *McCormick* v. *Tate,* 20 Ill. 334; *Ward* v. *Stout,* 32 id. 399; *Bissell* v. *City of Kankakee,* 64 id. 249; *People* v. *Bug River Drainage District,* 189 id. 55.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*