## First Trust and Savings Bank of Alton, Appellant, v. William P. Aldinger, Appellee.

1. APPEAL AND ERROR—*bill of exceptions as prerequisite to review of rulings on motions.* Rulings of the trial court overruling motions to strike special pleas and for judgment as in default and allowing a countermotion for leave to file an affidavit of merits are not reviewable on appeal in the absence of any bill of exceptions.

2. JUDGMENTS—*under plea of general issue and special to half of demand.* A special plea setting up facts under which it is claimed that defendant should be held liable for but half the demand sued for leaves the other half of the demand undisposed of as an issue of fact under a plea of the general issue, where a demurrer to the special plea is overruled and plaintiff elects to abide by its demurrer, and it is error to enter a judgment in bar of the action without disposing of the remaining one-half of the demand as an issue of fact under the plea of the general issue.

3. ESTOPPEL—*requisites of special plea setting up estoppel in assumpsit by bank to recover deposit improperly credited.* In action in assumpsit by a bank for money credited to defendant by mistake where the declaration does not state to whom it properly belonged, a special plea which alleges that subsequent to the making of the mistake, and before the discovery thereof by defendant, the bank, at the request of a partnership of which defendant was a member and on notice that such information was desired for the purposes of a dissolution of such partnership and a division of its assets between the members, furnished it with a statement of partnership balance, that on dissolution defendant purchased his partner's interest on the basis of the firm's bank balance so furnished, and that because of the mistake in question defendant paid more for such interest, by one-half of the amount sued for, than he would have done had he known of the mistake, but which does not show to whom the credit properly belonged or that he was injured by the mistake, the whole amount having been credited to him individually and no part of it having been accounted for to the retiring partner.

Appeal from the City Court of Alton; the Hon. LEVI D. YAGER, Judge, presiding. Heard in this court at the March term, 1922. Reversed and remanded. Opinion filed July 11, 1922.

WILLIAM P. BOYNTON, for appellant.

C. C. ELLISON, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

The declaration in this case was in assumpsit and contained two counts. The first charged, in substance, that on the 12th of July, 1918, appellee, through an oversight or error in the records of appellant, received and obtained a credit on his checking account, then and there being carried at appellant's bank, in the sum of $514.11, of which said amount appellee then and there availed himself and received the full benefit and advantage thereof, and then and there promised to pay appellant on demand the sum of $514.11, because and on account of having received the benefit and advantage of such amount through said error in credit as aforesaid; by means whereof the appellee then and there became liable to pay to appellant the said sum of money so credited to him in error and of which he, the said appellee, received the benefit and advantage as aforesaid, and being so liable the appellee in consideration thereof then and there promised, etc. The second count consisted of the common counts consolidated. The declaration was accompanied by an affidavit of claim as provided for by statute. On May 11, 1921, appellee filed a plea of the general issue and on January 24, 1922, a special plea which is designated in the record as special plea No. 1. On January 25, 1922, a demurrer was sustained to this special plea and thereupon appellee filed what it termed special plea No. 2. No affidavit of merits was filed in support of either of these pleas. February 18, 1922, appellant filed its motion to strike appellee's pleas from the files

130    APPELLATE COURTS OF ILLINOIS.

First Trust and Sav. Bank of Alton v. Aldinger, 226 Ill. App. 128.

and for a judgment as in case of default. On the same day appellee filed his motion for leave to verify his pleas and to file an affidavit of merits. This motion was supported by affidavit of appellee's attorney to the effect that he was not aware the declaration was verified, and that the affidavit of claim attached to the declaration, if any, had in some manner become lost. The court overruled appellant's motion to strike the pleas and for judgment and allowed the counter motion of appellee to supply and file an affidavit of merits, which appellee did. Said special plea No. 2 was as follows:

"And for a further plea in this behalf, the defendant says that the plaintiff ought not have its aforesaid cause of action against him, the defendant, for any greater sum than one-half of the sum of five hundred fourteen and 11/100 ($514.11) dollars, and interest on one-half of five hundred fourteen and 11/100 ($514.11) dollars, from the 12th day of July, 1918, to the present time, because, he says, that the several supposed causes of action in the first and second counts of plaintiff's declaration are one and the same cause of action; that on, to wit, the 12th day of July, A. D. 1918, the day set forth in the first count of plaintiff's declaration, and being the day on which the alleged error in the account between the plaintiff and the defendant was alleged to have been made, this defendant and one Nicholas Schwegle were doing business under the firm name of 'Aldinger & Schwegle,' the said firm being a co-partnership between this defendant and the said Nicholas Schwegle; that the said co-partnership kept their partnership account in the bank of the plaintiff and had done so for a considerable space of time prior to the said 12th day of July, A. D. 1918, and continued to do so from prior to the said 12th day of July, 1918, until after the dissolution of the said partnership as hereinafter set forth; that a dissolution of partnership was entered into between this defendant and Nicholas Schwegle, on, to wit, the 19th day of February, 1919, some nine (9) months after the said alleged error is supposed to have been made, and which error,

if any there existed, had not been discovered by this defendant up to the said 19th day of February, 1919; that on or about the said 19th day of February, 1919, this defendant being just about to enter into said dissolution of partnership with the said Nicholas Schwegle, and this defendant and the said Nicholas Schwegle desiring to know the amount of the bank balance to the credit of said co-partnership, called upon the plaintiff to furnish them with a statement of the balance on hand to the credit of the said co-partnership, which information was furnished by the plaintiff to this defendant, and to Nicholas Schwegle, and to the attorneys representing this defendant and said Nicholas Schwegle; that at the time the information above mentioned was requested of the plaintiff, it was informed that said information was desired by reason of the fact that this defendant and said Nicholas Schwegle were about to enter into a dissolution of partnership; that upon the statement furnished by the plaintiff as to the amount of funds on hand on the said 19th day of February, 1919, and to the credit of said co-partnership, the said co-partnership was dissolved, and a certain sum of money was paid to the said Nicholas Schwegle in consideration of and for his interest in said co-partnership, the said sum of money so paid being predicated upon the total liabilities and total assets of said co-partnership, a part of the assets of said co-partnership being the amount of money on hand in plaintiff's bank to the credit of said co-partnership; that had this defendant known that the amount of money on hand in plaintiff's bank was five hundred and fourteen and 11/100 ($514.11) dollars less than he was informed it was by said plaintiff at the time of the dissolution of the said partnership, a correspondingly less sum of money would have been paid to the said Nicholas Schwegle for his one-half interest in said co-partnership, that is, the said Nicholas Schwegle would have received from this defendant two hundred fifty-seven and 05/100 ($257.05) dollars less than he did receive. This defendant further represents that Nicholas Schwegle has now been dead for several years and that his estate has been fully settled,

and that it would probably be impossible for this defendant to recover from the heirs of the said Nicholas Schwegle anything whatsoever on account of the aforesaid alleged error, were it established that such was in fact the case. Therefore this defendant says that the plaintiff ought to be estopped from claiming any more than one-half of the aforesaid five hundred fourteen and 11/100 ($514.11) dollars. And this the defendant is ready to verify. Wherefore, he prays judgment if the plaintiff ought to have his aforesaid cause of action against him, etc.''

To this plea the appellant filed a general and special demurrer. The court overruled the demurrer and appellant electing to abide its demurrer, judgment was rendered against appellant and in favor of appellee in bar of the suit and for costs. From that judgment this appeal has been perfected.

One of the main contentions of appellant was that the court erred in overruling its motion to strike the pleas and for judgment as in default and allowing appellee's counter-motion for leave to file an affidavit of merits. There is, however, no bill of exceptions in this case in the record and in the absence thereof the ruling of the court upon these motions cannot be raised on this appeal. *People v. Ritscher*, 301 Ill. 40; *People v. Cowen*, 283 Ill. 308; *Beckers v. City of Kankakee*, 213 Ill. App. 538. In fact, counsel for appellant in his reply brief recognizes the correctness of the above principle, and in accordance therewith does not further urge the assigned errors relating to said rulings of the court. Appellant does contend, however, that the court erred in overruling its demurrer to the second special plea, and that even though the demurrer was properly overruled, yet that the court erred in entering judgment in bar of the action with the plea of the general issue remaining on file undisposed of. We will first consider whether it was proper to enter a judgment in bar of the action without disposing of the plea of the general issue. It has been repeatedly held

that when a defendant succeeds on one plea which is a complete answer to a declaration, he is entitled to judgment in his favor in bar of the action, notwithstanding there may have been other pleas undisposed of. *People v. Bug River Spec. Drain. Dist. Com'rs,* 189 Ill. 55; *Guest Piano Co. v. Ricker,* 274 Ill. 448; *Bissell v. City of Kankakee,* 64 Ill. 249; *McCormick v. Tate,* 20 Ill. 334. Under these authorities, it is clear that if this plea answered the whole of the declaration and the demurrer was properly overruled and appellant abided its demurrer the only judgment which the court could have properly rendered would have been in bar of the action. On the other hand, the Supreme Court expressly held in *Bissell v. City of Kankakee, supra,* "where a special plea only purports to answer a part of the declaration, and a demurrer is overruled, it would be error to enter final judgment without disposing of such issues of fact as may have been formed on other pleas in the case." A reading of this plea clearly discloses that it purported to answer only one-half of the demand sued for and set forth in the declaration. This left, after appellant abided his demurrer, one-half of the demand sued for as an issue of fact under the general issue remaining undisposed of. It was therefore error for the court to enter a judgment in bar of the whole of the action without disposing of the remaining one-half of the demand in issue under the plea of the general issue.

It is contended by appellant that the plea does not sufficiently set up ignorance on the part of the appellee, misrepresentation upon the part of the appellant nor injury to appellee. In passing upon the sufficiency of this plea on demurrer, the plea must be construed most strictly against appellee. The declaration alleges that the money in question was by mistake credited to appellee without stating to whom it properly belonged. The plea fails to set forth to whom this deposit should have been credited, but seems to

intimate that it should have been credited to a partnership composed of appellee and one Schwegle. It alleges, in substance, that on the 19th day of February, 1919, some nine months after the alleged error occurred, appellee and his partner desiring to dissolve the partnership by the purchase by appellee of his partner's interest, obtained from appellant a statement as to the balance held by appellant to the credit of the firm; that the statement made by appellant did not include, as a part of the funds to the credit of the firm, the said sum of $514.11; that had appellee known that the amount of money in appellant's bank was $514.11 less than he was informed it was by appellant at the time of the dissolution of the partnership, appellee would have paid Schwegle $257.05 less than he did pay him. If the money belonged to some third person it, of course, did not concern the firm of Schwegle. If the plea intends to intimate that it belonged to the firm, then appellee was not injured by the alleged mistake, as he received the whole amount to his individual credit and did not account to his retiring partner for any portion of it.

In our opinion, therefore, this plea as drawn when considered, under the well-established rules, most strictly against its author, stated no defense to the cause of action set forth in the declaration and the demurrer should have been sustained.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*