(No. 10988.)

WILLIAM A. SHRIVER, Appellee, vs. ELMER E. DAY,
County Treasurer, et al. Appellants.

*Opinion filed December 21, 1916—Rehearing denied Feb. 8, 1917.*

1. EQUITY—*existence of corporation cannot be inquired into by
bill in chancery.* The existence of a corporation or the legality of
its organization cannot be inquired into by a bill in chancery, since
the law provides an adequate remedy in such case by *quo warranto,*
and such remedy is exclusive.

2. SAME—*alleged dissolution of a corporation confers no juris-
diction on equity to question its existence or enjoin its officers.* A
bill in chancery alleging that a high school district has been dis-
solved by vote of the people and seeking to enjoin the board of
directors from continuing to exercise corporate powers confers no
jurisdiction upon a court of equity to determine whether the corpo-
rate organization is still in existence or to enjoin the collection of
a tax levied in the high school district after such election was held.

3. SAME—*board of school directors cannot be enjoined without
making the individuals parties to the suit.* No decree enjoining a
board of directors of a high school district can be rendered in a
suit in which the persons composing such board are not parties.

APPEAL from the Circuit Court of Macoupin county;
the Hon. F. W. BURTON, Judge, presiding.

JAMES H. MURPHY, and VICTOR H. HEMPHILL, for
appellants.

ALEXANDER H. BELL, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee, as a tax-payer in Virden Township High
School District, filed his bill in the circuit court of Macou-
pin county on April 2, 1915, alleging the organization of
the district in 1912, the levying of a tax in 1914 and its
collection, the intention of the board of directors of the
district to use the money so collected in the purchase of a
school house site, and reasons why such purchase would

be illegal. The bill made the board of directors of Virden Township High School District (being school district No. 180) by that name, and O. H. Rohrer, township high school treasurer, defendants, and prayed for an injunction against the issue or payment of any warrants for the purchase of a school house site. A preliminary injunction was issued and nothing further was done until the final hearing, which was on demurrer at the June term, 1916, when the injunction was made perpetual. No complaint is made in regard to these proceedings. On March 27, 1916, the complainant obtained leave to file, and did file, what is called a supplemental bill, alleging that on April 6, 1915, four days after the filing of the original bill, an election was held in the district pursuant to a petition filed on February 11, 1915, with the school treasurer, on the proposition to discontinue the high school district, and the majority of the votes cast were in favor of discontinuing the district, but, nevertheless, the board of directors afterward levied a tax in the district, which was extended by the county clerk and which the township collector was proceeding to collect; that the board of directors has never acquired any school property, had any school room, conducted any school or done anything in the way of education in Virden township except hold conferences among its members and levy taxes; that the high school district, by reason of the premises, has been fully dissolved and the act of the board of directors in levying taxes was illegal. The county collector was made a defendant to the so-called supplemental bill, and it prayed that each and all of the persons professing to act as members of the board of directors of Virden Township High School District be enjoined from so acting; that the high school district be decreed to have been dissolved; that the further collection of taxes be enjoined, and that the court decree a distribution of the money already collected, when paid over to the township treasurer, with all other money in his hands, among the several school districts any of

whose territory was included within the township high
school district. This document came on to be heard at the
same time with the original bill on demurrer, and the court,
after granting the relief prayed for in the original bill, fur-
ther decreed that the Virden Township High School Dis-
trict be declared to be wholly dissolved and set at naught
in consequence of the special election on April 6, 1915, and
that the board of directors, and each member thereof, be
enjoined from further action as a high school district ex-
cept as thereafter directed, and that the county collector be
enjoined from collecting any tax levied after April 6, 1915;
that the board of directors and treasurer forthwith surren-
der all the assets of the high school district to the district
fund of the town of Virden in proportion to the assessed
valuation of the same, and that all funds in the treasury or
thereafter received be distributed by the board of directors
and treasurer among the several school districts as the same
was contributed by the property and property owners in the
several school districts forming the high school district, but
it was further ordered that the board of directors and treas-
urer might pay the reasonable expenses or liabilities in-
curred by the district prior to the election dissolving it and
still unpaid. The treasurer and board of directors appealed.

The question argued in the briefs is whether or not there
was any law before the act of 1915 (Laws of 1915, sec. 8,
p. 630,) for the dissolution of a high school district organ-
ized under the act of 1911. The appellee insists that section
92 of the general School law (Hurd's Stat. 1916, p. 2359,)
applied, while the appellants insist it did not. The question
is immaterial, for equity has no jurisdiction of the subject
matter of the so-called supplemental bill. It is not a sup-
plemental bill, for it has no connection with the original
bill, except, probably, the same case number and file-wrap-
per. The original bill recognizes the validity of the organi-
zation of the high school district and makes it defendant,
as a corporation. The supplemental bill does not question

the validity of the organization. It alleges that the corporation has been dissolved, but that the board of directors, notwithstanding such dissolution, continues to exercise its corporate powers, and asks that the board of directors, and each member thereof, be enjoined from doing so. Equity cannot grant such relief. The existence of a corporation or the legality of its organization cannot be inquired into by a bill in chancery. The law provides an adequate remedy in such case by *quo warranto,* and such remedy is exclusive. Equity has no jurisdiction. *Trumbo* v. *People,* 75 Ill. 561; *Renwick* v. *Hall,* 84 id. 162; *Osborn* v. *People,* 103 id. 224; *Keigwin* v. *Drainage Comrs.* 115 id. 347; *Evans* v. *Lewis,* 121 id. 478; *Lees* v. *Drainage Comrs.* 125 id. 47; *Bodman* v. *Drainage District,* 132 id. 439.

No objection is made to the legality of the organization of the district, but it is claimed that the election of April 6, 1915, dissolved the corporation. The board of directors has, however, continued to act as a corporation since the election to the same extent as before, and the claim is made that the election had no effect upon the organization of the district. The alleged dissolution of the corporation conferred no jurisdiction upon equity to try the question of its existence. Neither has equity jurisdiction to enjoin the collection of the tax, for this also involves a collateral attack upon the existence of the corporation. It may also be taken note of that the individuals composing the board of directors of the supposed district are not made parties to the suit, and even if the district was dissolved no decree enjoining the directors could be made in a suit in which they were not parties.

The decree on the original bill will be affirmed and the residue of the decree will be reversed and the cause will be remanded to the circuit court, with directions to sustain the demurrer to the supplemental bill.

*Reversed in part and remanded, with directions.*