(No. 11766.—Judgment affirmed.)

THE PEOPLE *ex rel.* William A. Shriver, Appellee, *vs.* HERBERT H. COWEN *et al.* Appellants.

*Opinion filed April 17, 1918.*

1. APPEALS AND ERRORS—*rulings on motions must be incorporated in bill of exceptions.* Motions, and rulings thereon, must be incorporated either in a bill of exceptions or a stenographic report signed by the trial judge before they can become a part of the record, and recitals in the judgment order of the court and suggestions of counsel in their brief and argument that certain rulings were made on motions, supported by affidavits, are not sufficient.

2. MUNICIPAL CORPORATIONS—*the legislature has supreme power over public corporations.* The legislature has supreme power over public corporations, and may divide, alter, enlarge or abolish them as in the legislative judgment the public welfare may require; and this power may be exercised by the legislature itself by direct legislation, or it may delegate the power to certain officers, courts or the electors of the municipality.

3. STATUTES—*when statutes are in pari materia—construction.* Acts relating to the same subject matter and not inconsistent with each other are *in pari materia* although they contain no reference to each other and are passed at different times, and where two acts *in pari materia* are construed together and one of them contains provisions omitted from the other, the omitted provisions will be applied in a proceeding under the act not containing such provisions, where not inconsistent with the purposes of the act.

4. SCHOOLS—*section 92 of the High School act of 1909 applies to high school districts organized under act of 1911.* Section 92 of the High School act of 1909, providing for the dissolving of high school districts by election, applies to high school districts organized under the void act of 1911, as the 1911 act was an addition to the 1909 law without repealing any portion of the latter, and both statutes must be construed together.

5. SAME—*validating act of 1917 does not apply to high school districts dissolved by election.* The act of 1917, validating high school districts organized under the void act of 1911, does not purport or intend to validate a district which has been previously discontinued and dissolved by a vote of the people under section 92 of the law of 1909.

6. SAME—*when validating act of 1917 does not revive district.* The act of 1917, validating certain high school districts, does not operate to revive a district which had previously been declared in-

valid by a final judgment of ouster in *quo warranto* proceedings, from which no appeal was pending when the validating act became effective.

7. SAME—*boards of education of township high schools have powers of school directors under general School law.* Boards of education of township high schools are empowered to discharge the duties of directors of schools for school districts, as provided in section 114 of the general School law of 1909.

APPEAL from the Circuit Court of Macoupin county; the Hon. NORMAN L. JONES, Judge, presiding.

JAMES H. MURPHY, for appellants.

VICTOR H. HEMPHILL, State's Attorney, and ALEXANDER H. BELL, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The State's attorney of Macoupin county, on the relation of William A. Shriver, a citizen and tax-payer of High School District No. 180, known as Virden Township High School District, in said county, filed a petition in the circuit court of said county at the January term, 1917, asking leave to file an information in the nature of *quo warranto* against appellants, Herbert H. Cowen, W. W. Morrow, Ezra H. Brubaker, Charles L. Gish, J. H. Patton, George Truman and Elliott R. Motley, charging that appellants were usurping and unlawfully exercising the duties, powers and prerogatives of a board of education of a pretended high school district of the name aforesaid. Leave being granted without notice to appellants, an information consisting of one count was filed, charging, in substance, that said purported district was formed in pursuance of the High School act of June 5, 1911, which was held void by this court in *People v. Weis,* 275 Ill. 581, and that appellants were usurping and unlawfully exercising the duties, powers, etc., of a board of education, had levied taxes, and had given out "in speeches" that they intended to continue to act as such

board of education. The clerk has copied into the record what purports to be a motion by appellants filed in this cause May 12, 1917, supported by affidavits, to set aside the order granting leave to file said information and all other orders pertaining thereto.

On May 25, 1917, the appellants filed a plea to the information, in which plea substantially the same facts were averred as a defense that were set forth in the affidavits, which facts are, in substance, the following: On September 24, 1912, a petition signed by at least fifty voters of the territory composed of the north half of township 12, range 6, west of the third principal meridian, in said county, was filed with the county superintendent of schools, asking that said territory be organized into a high school district under the act of June 5, 1911. At an election duly called, advertised and held under said act on October 19, 1912, at the city hall in the city of Virden, the most convenient place in the said territory, a majority of the legal voters thereat voting voted for the establishment of High School District No. 180. On November 16, 1912, at the same place, an election was duly called, advertised and held, at which a president and six members of the board of education were elected for said high school district, and regular elections have been held since that time for president and members of the board of education to fill vacancies as they occurred. Herbert H. Cowen is now, and was at the time of the filing of the petition, the duly elected and acting president of said board, and the other six respondents are the duly elected and acting members of the board. An election for a school site was held on February 19, 1913, and as a result thereof a site known as the Utt site was selected by the board. On June 28, 1913, an election was held in said district for issuing bonds in the sum of $45,000 to build a school house, and the election resulted in defeating the proposition for bonds. In 1914 the board levied and collected taxes in the sum of $4500 for purchasing said school site and $1500

for school purposes, and on April 1, 1915, an order was drawn on the treasurer of the district for $4500 to pay for said school site. On March 20, 1915, the voters of said high school district voted, at an election duly called and held under section 92 of the High School act of 1909, to discontinue said district by a vote of 704 to 432. On April 2, 1915, the relator filed a bill in the circuit court of said county to enjoin the treasurer from paying the order for $4500, charging that the election for the school site was invalid because not petitioned for by the requisite number of voters. On March 27, 1916, relator filed a supplemental bill in said chancery cause to have the district declared dissolved and to enjoin the members of the board from doing any other act as officers of said high school district, on the ground that on March 20, 1915, the voters of said high school district voted, at an election duly and legally called and held under section 92 of the High School law of 1909, to dissolve and to discontinue said high school district by the vote aforesaid. The circuit court granted the relief prayed for in the supplemental bill, which decree was reversed by the Supreme Court except as to the matters stated in the original bill, the decree on the original bill enjoining the payment of the order for $4500 for a school site being affirmed. (*Shriver* v. *Day*, 276 Ill. 403.) The other averments of the plea are, in substance, that the board of education employed teachers and a principal for the high school, rented rooms from school district No. 4, composing a part of said high school district, and levied taxes up to and including the year 1915 for the purpose of paying the expenses of conducting said high school.

A general demurrer was filed to said plea and was sustained by the court and appellants refused to further plead. An additional count was filed by appellee, setting up, in substance, the same matter contained in the original count of the information, with the additional averment that the high school district was dissolved and discontinued by the voters

of said district at the election of March 20, 1915, mentioned in appellants' said plea, by a vote of 704 to 432, and further averring, in substance, that said election was duly called, advertised and held in said high school district in accordance with the provisions of section 92 of the High School act of 1909. To the second count of the information the appellants interposed a demurrer, which the court overruled.

The clerk has copied into the record a purported motion of appellants, filed July 9, 1917, to abate the suit of appellee. The decree of the court showed that on July 9, 1917, said motion was·denied, and at the same time the court sustained a demurrer to appellants' plea to the first count and overruled their demurrer to the second count of the information and gave judgment of ouster against them.

Appellants have assigned error on the court's ruling on their purported motions to set aside the order granting leave to appellee to file the information and to abate the suit. Appellants cannot question in this court the court's ruling upon either one of said motions, for the reason that there is no bill of exceptions or stenographic report signed by the judge and filed with this record. Motions and rulings thereon must be incorporated either in a bill of exceptions or stenographic report and signed by the judge of the lower court before they can become a part of the record. Before the common law record can be enlarged and added to, there must be had and signed by the presiding judge such bill of exceptions or stenographic report. (*People* v. *Ellsworth,* 261 Ill. 275; *Miller* v. *Miller,* 255 id. 360.) Recitals in the judgment order of the court and suggestions of counsel`in their. brief and argument that certain rulings were made on motions, supported by affidavits, are not sufficient to entitle parties to a decision thereon by this court on errors assigned.

The order and decree of the circuit court on the supplemental bill above mentioned, and the decree of this court

reversing the decree of the lower court, are not matters material to the consideration of any issue in this case, as this court simply held in that case that the circuit court had no jurisdiction of the subject matter of the supplemental bill. The decree on the supplemental bill was therefore a mere void order of the court and cannot be considered as deciding any issue or matter in issue in this case. The order of this court·reversing that order settles no matter in issue in this case.

The validating act of June 14, 1917, specifically provides "that in all cases where a majority of the inhabitants of any contiguous and compact territory voting on the proposition, having voted at any election called for the purpose by a county superintendent of schools in favor of the organization of such territory into a high school district, and when at a subsequent election similarly called and held a board of education has been chosen for such district, each such election is hereby made legal and valid and such territory is hereby declared legally and validly organized and established as a high school district, and a valid and existing school district ·and body politic and corporate of this State for the purpose of establishing and maintaining a high school." (Laws of 1917, p. 744.) The act also validates and makes legal the board of education and all acts in pursuance of the duties of such board. (*People* v. *Mathews,* 282 Ill. 85.) The plea in this case by its averments showed clearly that the district in question is composed of contiguous and compact territory, and that it was organized, or attempted to be organized, into a township high school district by a majority of the voters voting on the proposition. The plea of appellants to the first count of the information, omitting one set of allegations therein, stated a good defense in bar to that count, as the validating act aforesaid of the legislature had the effect to validate the district if it was not dissolved and discontinued by the election held for that purpose. (*People* v. *Madison,* 280 Ill. 96; *People* v. *Stitt,* id.

553; *People* v. *Fifer,* id. 506; *People* v. *Ryan,* 281 id. 231; *People* v. *New York Central Railroad Co.* 282 id. 458; *People* v. *Craft,* id. 483.) But for said additional allegation the court should have overruled the demurrer to the plea of appellants and have entered judgment for them against appellee on the first count of the information. Appellants, however, also set up by their said plea the additional fact which appellee is specially relying on in the second count of the information,—*i. e.,* they set up facts in their plea showing that the people voted at said election regularly called, advertised and held in pursuance of the provisions of section 92 of the High School act of 1909, to dissolve and to discontinue the said high school district. Therefore the whole controversy in this case depends upon the single proposition whether or not the court erred in overruling appellants' demurrer to the second count of the information and entering the judgment of ouster against appellants.

The High School act of June 5, 1911, was until October, 1916, recognized as a legal and valid act, in which month it was declared unconstitutional in *People* v. *Weis, supra.* The act was held valid by this court in the case of *People* v. *Crossley,* 261 Ill. 78, the validity of the act not then being challenged upon the grounds upon which it was later declared to be invalid. The validating act did not become a law until June 14, 1917. The legislature has supreme power over public corporations, and may divide, alter, enlarge or abolish them, as in the legislative judgment the public welfare may require. (*Chalstran* v. *Board of Education,* 244 Ill. 470.) This power may be exercised by the legislature itself by direct legislation, or it may delegate the power to certain officers, courts or the electors of the municipality. (28 Cyc. 250.) The power to dissolve township high school districts was delegated by the legislature of this State to the electors of such districts by section 92 of the School act of 1909. It is unquestioned that the provisions of said section 92 were followed in calling, ad-

vertising and holding the election of March 20, 1915, to dissolve and to discontinue the district. If section 92 is applicable to the district now in question and binding upon the people, and upon appellants as electors and officers of said district, the district was dissolved and discontinued as completely and as effectively as if the legislature had by direct act dissolved and discontinued it. It is clear, also, that if the district was so dissolved and discontinued the judgment of ouster in this case was proper, as appellants' rights and powers to act as such high school board were destroyed, except for the purpose of winding up the affairs of the district in the manner provided by the statute. In such case the validating act, which was passed more than two years after the vote to dissolve the district, could not have any force or effect to validate it, as its existence had already been ended just as effectually as if the district had been declared invalid and dissolved in *quo warranto* proceedings.

Section 92 aforesaid must be construed as applying to high school districts organized under the act of June 5, 1911. Acts relating to the same subject matter and not inconsistent with each other are *in pari materia* although they contain no reference to each other and are passed at different times. (*South Park Comrs.* v. *First Nat. Bank,* 177 Ill. 234; *Hunt* v. *Chicago Horse and Dummy Railway Co.* 121 id. 638.) "All consistent statutes which can stand together, though enacted at different dates, relating to the same subject, and hence briefly called statutes *in pari materia,* are treated prospectively and construed together as though they constituted one act. This is true whether the acts relating to the same subjects were passed at different dates, separated by long or short intervals, at the same session or on the same day. * * * A statute must be construed with reference to the whole system of which it forms a part. * * * Where a statute is made an addition to another statute on the same subject without repealing any

part of it, the provisions of both must be construed together." (2 Lewis' Sutherland on Stat. Const. secs. 443, 448.) The act of 1911 in relation to the organization of high school districts was an independent act and did not amend the general school laws of this State, (*People* v. *Crossley, supra,*) but that act and the High School act of 1909 are parts of an entire system of organization and maintenance of high schools in this State. The 1911 act was made an addition to the 1909 law on the same subject and without repealing any portion of it, and both statutes must be construed together. Where two acts *in pari materia* are construed together and one of them contains provisions omitted from the other, the omitted provisions will be applied in a proceeding under the act not containing such provisions, where not inconsistent with the purposes of the act. (*Devous* v. *Gallatin County,* 244 Ill. 40.) The validating act could not have the legal effect to bring into life a district that had already been declared invalid by a final order in *quo warranto* proceedings and from which no appeal was pending at the time said act became effective. The act does not expressly purport to validate any district already dissolved and discontinued by authority of the legislature. Its purport is to legalize an act of the people in an attempt to organize a high school district which could not legally stand for want of a valid statute or law to sustain it, but does not purport or intend to validate a district which has been discontinued and dissolved by a vote of the people,—*i. e.,* it was not the purport or intent of the act to overturn the act of the people where they had by their vote dissolved and discontinued the district.

It is contended by appellants that section 92 of the 1909 law cannot apply to the act of 1911 because under the latter act a district might be organized in two or more townships or parts of two or more townships which contained two or more treasurers, and that inasmuch as section 92 provides for the filing of a petition for such election with

the treasurer and the calling of an election by the treasurer, there is no way of determining upon which treasurer the duty of receiving the petition and calling the election, etc., would fall. There can be no difficulty of that nature in connection with the calling of the election in the district in question as it contains only a half township. But, as a matter of fact, there exists no such difficulty in any case. Boards of education of township high schools are empow- ·ered to discharge the duties of directors of schools for school districts. (*Thompson* v. *School Trustees,* 218 Ill. 540.) By the fourth paragraph of section 114 of the general School law of 1909 one of the powers and duties granted and imposed upon school directors is to determine, in case their district is composed of parts of two or more townships, which treasurer is to receive the taxes of the district, and to notify the collectors, in writing, accordingly. Such treasurer so selected is, of course, the only treasurer such a district would have from and after such selection.

It is further contended by appellants that the act of June 5, 1911, was amended by the addition of section 8, which was approved on June 4, 1915, and that said added section shows a clear intent upon the part of the legisla- ture that section 92 of the 1909 School law is not to be applicable to the act of June 5, 1911. The section added to the law of June 5, 1911, provides for the discontinuance of a township high school under that act by a vote of the people "if a two-thirds majority of the ballots cast at the election shall be in favor of discontinuing the township high school." (Laws of 1915, p. 630.) This added section can not be considered as having any material bearing on the construction of the act of June 5, 1911, as it read before section 8 was added. The district now in question had been discontinued by the vote of the people before section 8 was enacted. The added section simply indicates that the legis- lature had determined by that section to increase the re- quirements for a discontinuance of a high school district

organized under said act by requiring a two-thirds majority of the votes cast instead of a bare majority of the votes cast at the election for discontinuance. The School law of 1909 has since been similarly amended as to section 92 by the provision which requires two-thirds of the ballots cast at an election for discontinuing a high school under that act instead of a bare majority, as required by section 92 before such amendment. (Laws of 1917, p. 741.) We regard neither of these amendments as having any bearing upon the interpretation of the school laws that existed prior to their enactment.

For the reasons above given we hold that the lower court properly overruled the demurrer to the second count of the information and properly sustained the demurrer to appellants' plea to the first count and entered judgment of ouster. The judgment of that court is therefore affirmed.

*Judgment affirmed.*

----

(No. 11996.—Reversed and remanded.)
ADALINE L. BENNER *et al.* Appellants, *vs.* CHARLES HARPER DOVE *et al.* Appellees.

*Opinion filed April 17, 1918.*

DEEDS—*when a decree setting aside deed will not be sustained.* A decree setting aside, at the suit of one claiming as devisee under the grantor's will, a quit-claim deed given in consideration of services rendered by the grantee will not be sustained, where the deed was executed only eight days after the will was made and there is no proof of any subsequent change in the mental capacity of the grantor nor of undue influence or fraud by the grantee; and the court cannot substitute compensation for said services on the basis of a *quantum meruit,* as the grantor has a right to put his own value on them.

APPEAL from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.