(No. 14313.—Judgment affirmed.)

THE PEOPLE *ex rel.* Frank J. Weber *et al.* Appellants, *vs.* A. E. RITSCHER *et al.* Appellees.

*Opinion filed December 22, 1921.*

1. QUO WARRANTO—*motion to set aside order for filing information must be included in bill of exceptions.* In a *quo warranto* proceeding to attack the organization of a community high school district a motion to set aside the order allowing the information to be filed is, in effect, a motion to dismiss the proceedings and must be preserved by a bill of exceptions to enable a court of review to consider the lower court's action, and it is not sufficient to include the motion in the common law record. (*People* v. *Cowen,* 283 Ill. 308, followed.)

2. APPEALS AND ERRORS—*proceedings of circuit court are presumed to be regular until error is shown of record.* As the circuit court is a court of general jurisdiction its proceedings will be presumed to be regular and free from error until error is shown from the record, and every reasonable intendment not negatived by the record is to be indulged in support of the judgment below.

APPEAL from the Circuit Court of Morgan county; the Hon. NORMAN L. JONES, Judge, presiding.

CARL E. ROBINSON, State's Attorney, and THOMPSON & THOMPSON, for appellants.

WILSON & BUTLER, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a *quo warranto* proceeding brought by the State's attorney of Morgan county on the relation of certain persons against appellees, charging them with usurping the offices of members of the board of education of Meredosia Community High School District No. 125. The relators claimed in their petition that the territory to be included within said district was not so described in the proceedings to organize the district that the boundaries of the district could be located by a surveyor. Certain property owners made affidavits in support of the petition for information in the nature of *quo warranto,* setting forth the reasons why the description was not sufficiently definite and accurate, and leave was granted to file an information against appellees. Later the court entered a rule on respondents to show cause why they should not be required to answer the petition. During the same term the court set the cause for hearing, and before the hearing respondents filed an answer, in which they alleged that the description of the district was sufficiently definite and accurate, and affidavits were filed in support of the answer. Thereafter, on the date for which the hearing was set, the respondents moved the court to set aside the order granting leave to file the information, and in support of the motion alleged that since the information had been filed the legislature had passed a bill, which had become a law, whereby the organization of Meredosia Community High School District had been validated. Thereupon, on June 1, 1921, the trial court entered an order setting aside the leave theretofore granted to file the information. From the judgment setting aside the order granting leave to file the information petitioners excepted and prayed an appeal to this court.

Appellants argue that the court erred in sustaining respondents' motion to set aside the leave granted relators to

file the information; that the reasons given in the petition, considered with the answer and accompanying affidavits, show that leave was properly granted, and that the trial court in setting aside the order did not follow the rules laid down by this court in *People* v. *Union Elevated Railway Co.* 263 Ill. 32, *People* v. *Union Elevated Railroad Co.* 269 id. 212, *People* v. *City of Chicago,* 270 id. 188, and *People* v. *Wanner,* 276 id. 460.

Counsel for appellees argue that the record in this case contains no bill of exceptions or stenographic report; that none of the errors assigned and relied upon by appellants can be considered by this court; that it is an elementary proposition that motions and rulings are not a part of the record unless made so by a bill of exceptions or stenographic report; that this rule was laid down by this court in a somewhat similar case in *People* v. *Cowen,* 283 Ill. 308, where the court said (p. 312) : "Appellants have assigned error on the court's ruling on their purported motions to set aside the order granting leave to appellee to file the information and to abate the suit. Appellants cannot question in this court the court's rulings upon either one of said motions, for the reason that there is no bill of exceptions or stenographic report signed by the judge and filed with this record. Motions and rulings thereon must be incorporated either in a bill of exceptions or stenographic report and signed by the judge of the lower court before they can become a part of the record. Before the common law record can be enlarged and added to, there must be had and signed by the presiding judge such bill of exceptions or stenographic report. [Citing authorities.] Recitals in the judgment order of the court and suggestions of counsel in their brief and argument that certain rulings were made on motions, supported by affidavits, are not sufficient to entitle parties to a decision thereon by this court on errors assigned."

While in their argument originally filed appellants rely very strongly upon the matters set out in the affidavits and motions, they seem to concede in their reply brief that under the ruling of the court in the decision just quoted from, the affidavits cannot be considered by this court in passing on the question whether the order granting leave to file the information was properly set aside and leave to file the information refused, but they insist in their reply brief that the facts in that case were so very different from those in this case that what is said there cannot apply to the situation here presented; that so far as they have been able to ascertain from the decisions, this court has never held "that a motion made in the trial court which is in writing and states definitely the ground upon which the motion is based, and on which the court made an order and judgment, which was excepted to, and such exceptions also appear in the record proper, and as a consequence of the court's ruling on such motion there resulted a final determination and judgment in the case," a bill of exceptions was either proper or necessary in order to bring the correctness of such judgment before a court of review.

While, perhaps, the facts in *People* v. *Cowen, supra,* are not identical with the facts in this case on this point, we think the reasoning in that case, in view of the authorities cited, must be held conclusive on this question. That case cited with approval *People* v. *Ellsworth,* 261 Ill. 275, where the court laid down this rule (p. 278): "Motions of various kinds made during the progress of the cause, and rulings by the court thereon, must, in order to be reviewed, be preserved by a bill of exceptions,"— citing 3 Ency. of Pl. & Pr. 392, where that rule was laid down. To the same effect is 2 R. C. L. 127, and authorities there cited, and 4 Corpus Juris, 92, 239, and authorities there cited. The authority that comes nearest to supporting the argument of counsel for appellants in any respect is

found in the Standard Encyclopedia of Procedure, (vol. 4, p. 302,) where it is said that in some jurisdictions "all direct motions based on facts shown by the record, with the rulings thereon and exceptions thereto, form a part of the record without a bill of exceptions." But the decisions cited in this authority give among examples of motions that must be shown in the bill of exceptions, motions to dismiss the cause. This motion to set aside the order on which the information was allowed to be filed and to refuse to allow it to remain on file is practically, in effect, a motion to dismiss the proceedings, and according to the decisions cited and authorities heretofore referred to, such a motion would have to be preserved by a bill of exceptions in order to be considered by a court of review. Not only do we consider the holding of this court in *People* v. *Cowen, supra,* as decisive of this question, but practically by a unanimity of authorities in other jurisdictions the same conclusion must be reached. Whatever might be the conclusion reached by this court from a consideration of the affidavits and other matters presented before the trial court as to whether or not the order setting aside the leave to file the information should be set aside, on the record before us we cannot say that the trial court did not rule rightly, on the showing before us in the record for review, in setting aside the order and refusing to consider the information. The circuit court is a court of general jurisdiction, and in a court of that character its proceedings will be presumed to be regular and free from error until error is shown from the record. Every reasonable intendment not negatived by the record is to be indulged in support of the judgment below. *Bonardo* v. *People,* 182 Ill. 411; *People* v. *Ellsworth, supra.*

On the record before us there can be no other conclusion reached than that the judgment of the trial court should be sustained.          *Judgment affirmed.*