(No. 21769.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LORENZO D. HOBBS, Plaintiff in Error.

*Opinion filed April 22, 1933.*

D. L. Duty, for plaintiff in error.

Otto Kerner, Attorney General, Charles C. Murrah, State's Attorney, and J. J. Neiger, for the People.

Mr. Justice Stone delivered the opinion of the court:

Plaintiff in error was convicted in the circuit court of Williamson county of the crime of embezzlement as treasurer of "Johnston City Relief Association, a voluntary association of individuals." He brings the cause here, assigning as error the overruling of his challenge to the grand jury and his motion to quash the indictment.

Plaintiff in error has filed no bill of exceptions. While the clerk has inserted as a part of the record a motion challenging the grand jury and motion for a new trial, these motions are not incorporated in a bill of exceptions. Such motions, and the court's rulings thereon, to present questions for review here, must be incorporated in a bill of exceptions or a stenographic report signed by the trial judge. (*People* v. *Stevens*, 335 Ill. 415; *People* v. *Levin*, 318 id. 227; *People* v. *Arnett*, 317 id. 425; *People* v. *Levin*, 313 id. 588; *People* v. *Ritscher*, 301 id. 40; *People* v. *Glasgow*, 301 id. 394.) Recitals in the judgment order of the court and suggestions in the briefs of counsel that certain mo-

tions were made and rulings had thereon are not sufficient to entitle parties to a decision by this court on such errors assigned thereon. (*People* v. *Cowen,* 283 Ill. 308; *Harris* v. *People,* 130 id. 457.) The record shows, however, that plaintiff in error also moved the court to quash the indictment for insufficiencies appearing on the face thereof. This motion was denied. An indictment stands as an instrument of pleading in a criminal case, and an alleged error based on a ruling on pleadings is reviewable without a bill of exceptions, as the pleadings are included in the record proper. (*Bennett* v. *Union Central Life Ins. Co.* 203 Ill. 439; *Baker* v. *People,* 105 id. 452; *Hamlin* v. *Reynolds,* 22 id. 207; *Safford* v. *Vail,* id. 326.) The rule requiring a bill of exceptions applies only where the ruling of the court is based upon extrinsic matter, which does not, without being incorporated in a bill of exceptions, become a part of the record. There is no more reason for requiring that a motion to quash an indictment be incorporated in a bill of exceptions than that a demurrer be so preserved. (*Baker* v. *People, supra.*) There is therefore here presented the question of the sufficiency of the indictment as shown on its face.

As we have noted, the funds made by the indictment the subject of embezzlement are alleged to belong to the "Johnston City Relief Association, a voluntary association of individuals." It is a rule long followed in this State, that in indictments for offenses of the character here charged the name of the person or persons injured by the alleged offense must be stated in order that the defendant be later able to plead either former acquittal or former conviction. The ownership of the property is a necessary averment of the indictment. Such ownership must be stated and proved with the clarity indicated. If the owners do not comprise an incorporated body but an association, the indictment should aver that the property belonged to the persons composing the association, giving their names so far as known

to the grand jury. (*People* v. *Smith,* 342 Ill. 600; *People* v. *Dettmering,* 278 id. 580; *People* v. *Brander,* 244 id. 26; *Wallace* v. *People,* 63 id. 451.) In *People* v. *Epstein,* 332 Ill. 100, an indictment for confidence game which alleged the taking of money from fifteen persons named in the indictment and divers other persons whose names were unknown to the grand jurors but who were then and there associated together as an unincorporated association (naming it) was held to sufficiently allege ownership of the money taken. The indictment in this case does not comply with the rule laid down in *People* v. *Epstein, supra.* It does not sufficiently charge ownership of the property to meet the test laid down in the cases cited.

The judgment of the circuit court is therefore reversed.

*Judgment reversed.*