(No. 22208.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM REESE, Plaintiff in Error.

*Opinion filed February 23, 1934.*

SOLOMON T. CLANTON, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and AMOS P. SCRUGGS, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

William Reese was convicted by a jury in the criminal court of Cook county of the offense of robbery and sentenced to an indeterminate term in the penitentiary. He was indicted with several co-defendants but was tried alone. He prosecutes this writ of error to review the judgment of the trial court.

The indictment charged that plaintiff in error, William Reese, robbed Mary and Jesse Brown on January 28, 1933. Before going to trial plaintiff in error filed a petition or motion to suppress evidence, viz., a certain sack of tokens which was obtained by means of an illegal search of his premises. This motion, the motion to direct a verdict of not guilty, the motion for new trial and that in arrest of judgment have not been made a part of the bill of exceptions but are found as a part of the common law record. The rule is well settled that motions and affidavits are not part of the common law record and the only way they can be preserved is by incorporating them in the bill of exceptions. The clerk of the court cannot make them a part of the common law record by copying them into the record and certifying to them. In *People* v. *Hobbs,* 352 Ill. 224, we said: "While the clerk has inserted as a part of the record a motion challenging the grand jury and motion for new trial, these motions are not incorporated in a bill of exceptions. Such motions, and the court's rulings thereon, to present questions for review here, must be incorporated in a bill of exceptions or a stenographic report signed by the trial judge." (Citing authorities.)

In civil and criminal cases the trial judge has the duty of signing and sealing the bill of exceptions. (Smith's Stat. 1933, chap. 110, sec. 81; chap. 38, par. 747.) One of the purposes of these statutory provisions is to make sure that the reviewing court has before it a correct transcript of all of the proceedings, pleadings, orders, motions,

testimony, documentary evidence and real evidence had, filed, made or introduced at the trial of the cause.

The only question to be considered in this case is the effect of a general objection made to the introduction in evidence of the sack of tokens. There is nothing properly before us to indicate that the evidence was *prima facie* inadmissible. Since the general objection is all that was preserved, there is nothing to indicate any impropriety in the trial court overruling such objection.

There is no error shown which would warrant a reversal of the conviction, and the judgment is therefore affirmed.

*Judgment affirmed.*