### UNITED STATES v. WEBER.
#### No. 46 Cr. 164.

District Court, N. D. Illinois, E. D.

Feb. 6, 1947.

J. Albert Woll, U. S. Dist. Atty., and John J. Kelly, Jr., both of Chicago, Ill., for plaintiff.

Harold J. Finder, of Chicago, Ill., for defendant.

SULLIVAN, District Judge.

March 8, 1946, the grand jury returned an indictment against one Joseph Weber, charging him with violating Sec. 746(a) (18), Title 8 U.S.C.A. The indictment sets out that on September 27, 1945, at Chicago, Illinois, Joseph Weber, also under a number of aliases, being an alien, falsely represented himself to the Andrew Company, of Chicago, and to its officials, as being a citizen of the United States, without having been naturalized or admitted to citizenship, and without otherwise being a citizen of the United States.

October 8, 1946, defendant, under Rule 12 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, filed a motion to dismiss the indictment on the ground, first, that Sec. 746(a) (18), Title 8 U.S.C.A. is unconstitutional; and second, that the indictment does not state facts sufficient to constitute an offense, and does not meet the requirements of the Fifth and Sixth Amendments. The motion also charges that the indictment is duplicitous and subjects the defendant to the danger of double jeopardy.

Constitutionality of the statute here in question having been determined by the Circuit Court of Appeals for the Seventh Circuit, defendant does not urge that objection.

Defendant contends that the indictment is insufficient for the reason that it fails to charge that the false representation of citizenship was made under circumstances involving fraud, and that fraud, being one of the elements of the crime, it must be charged in the indictment.

In United States v. Tandaric, 7 Cir., 152 F.2d 3, 5, cited by both sides, the defendant was indicted for falsely representing himself to be a citizen of the United States to a named corporation. On appeal from a judgment sentencing him to imprisonment, the defendant challenged the validity of Subsection (a) (18), Sec. 746, Title 8 U.S. C.A., on the ground that it was repugnant to the constitutional guarantees of free speech, free press, and due process, contending that under the broad language of the statute a mere false representation of citizenship subjects the accused to punishment, without regard to whether it was made under circumstances involving fraud. Sufficiency of the indictment, however, was not raised. Judge Kerner, speaking for the court, said:

"In the case of United States v. Achtner, 2 Cir., 144 F.2d 49, 51, it was claimed that the statute was unconstitutional. The court, after relating the history and the purpose of the statute, held it was constitutional and said: 'Under this statute no limitation was placed upon the circumstances under which and the persons to whom the false representation was made, as long as it was for a "fraudulent purpose." ' We approve the conclusion and the reasoning of the court."

It is therefore apparent that in order to render a false representation as to citizenship a crime, it must be made for a fraudulent purpose, which, by interpretation, has become an essential ingredient of the crime. The false representation also must be made to one who has a right to inquire into or has an adequate reason for ascertaining the citizenship of the one making the representation. In United States v. Achtner, 144 F.2d 49, 52, the Circuit Court of Appeals for the Second Circuit said:

"But we agree with the District Court that the representation of citizenship must still be made to a person having some right to inquire or adequate reason for ascertaining a defendant's citizenship; it is not to be assumed that so severe a penalty is intended for words spoken as a mere boast or jest or to stop the prying of some busybody, and the use of the words 'knowingly' and 'falsely' implies otherwise. Thus, it is said that the word 'falsely,' particularly in a criminal statute, suggests something more than a mere untruth and includes 'perfidiously' or 'treacherously' ".

The question before me in the present case is whether an indictment which fails to charge an element of a statutory crime is sufficient, when such element is not actually contained in the statute but rather is interpreted into it, as was done by the Circuit Courts of Appeals for the Seventh and Second Circuits in the Tandaric and Achtner cases.

Bishop's New Criminal Procedure, 2d Ed. 1913, sections 612, 626 and 628, read as follows:

"Sec 612. All ingredients which enter into the offense, whether set down in the statute in terms or interpreted into it, must be stated."

"Sec. 626. The elements from an interpretation of the statute must be as much covered by the indictment as those in its words."

"Sec. 628. Interpreted statute.—To return to the rule that the indictment must cover the interpreted statute rather than the literal statute. If a meaning narrower than the words is given by interpretation an indictment simply in the statutory words will be ill; it must follow the narrower construction."

In United States v. Carll, 105 U.S. 611, 26 L.Ed. 1135, the Supreme Court said:

"In an indictment upon a statute, it is not sufficient to set forth the offense in the words of the statute, unless these words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all of the elements necessary to constitute the offense intended to be punished; and the fact that the statute in question, read in the light of the common law, and of other statutes on the like matter, enables the court to infer the intent of the legislature, does not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within that intent. United States v. Cruikshank, 92 U.S. 542, 557-558, 23 L.Ed. 588."

In United States v. Cruikshank et al., 92 U.S. 542, 23 L.Ed. 588, the Supreme Court said:

"It is an elementary principle of criminal pleading, that where the definition of an offense, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species; it must descend to particulars.' 1 Arch.Cr.Pr. and Pl. 291. The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made of acts and intent; and these must be set forth in the indictment with reasonable particularity of time, place and circumstances."

In Fontana v. United States, 262 F. 283, 288, decided by the CCA for the 8th Circuit, Judge Sanborn, speaking for the court said:

"It is an elementary rule of criminal law that when language does not constitute a crime if uttered under some circumstances, and does constitute a crime if uttered under other circumstances, it is not enough to charge that it was used with intent to violate the law. That would be a mere conclusion. The facts must be set forth, so that the court can determine, and not the pleader, whether or not they constitute the crime. United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516."

■ The indictment in the present case charges that defendant, who was not a citizen of the United States, falsely represented himself to the Andrew Company, and to its officials, as being a citizen. These facts might all be admitted to be true, and yet the defendant have been innocent of the crime with which he is charged. He might have made the representation to a person who had no right to inquire into, or an adequate reason for ascertaining, the defendant's citizenship, or, as the court said in the Achtner case, to stop the prying of some busybody. Under none of these conditions would the defendant have been guilty of the crime with which he is charged. There is no distinct or specific allegation in the indictment advising defendant of the fraudulent purpose for which he is accused

of having made the false representation as to his citizenship. Defendant is entitled to have all of these facts sufficiently set forth in order that he may prepare his defense; and they must be sufficiently definite to be pleaded in bar of a subsequent prosecution. I do not believe that the indictment meets these requirements.

Defendant also urges that the indictment does not describe or identify the person to whom the alleged misrepresentation was made. In Larkin v. United States, 7 Cir., 107 F. 697, defendant was charged with sending post cards through the mails to Phelps & Bigelow Wind-Mill Company in pursuance of a scheme to defraud. It was there held that an indictment which does not charge a scheme to defraud the public generally, or a class not capable of being resolved into individuals, but clearly imports an intention to defraud definite individuals, is defective if it fails to describe them by name or allege that their names are to the grand jury unknown. At page 701 of 107 F. the court said: "It is not shown whether the Phelps & Bigelow Wind-Mill Company was a co-partnership or a corporation."

In Bates v. State, 124 Wis. 612, 103 N.W. 251, 254, 4 Ann.Cas. 365, an information which charged that the defendant obtained money from H. P. Proctor & Son by means of false representations was held bad in that it failed to specify any person who was deceived or from whom the money was obtained. The court there said:

"The words 'H. P. Proctor & Sons' mean nobody. Of themselves they exclude the idea of an individual, and suggest either a corporation, which would be a legal person, or a firm or copartnership, which is not a legal person."

In Wallace v. People, 63 Ill. 451, the court reversed a judgment because the indictment stated that the property alleged to have been stolen was the property of the "American Merchants' Union Express Company," but failed to state that the company was a corporation. This case was cited with approval in People v. Dettmering, 278 Ill. 580, 116 N.E. 205.

In People v. Hobbs, 352 Ill. 224, 185 N.E. 610, 611, the defendant was indicted for embezzlement of funds as treasurer of "Johnson City Relief Association, a voluntary association of individuals." In reversing the judgment the court said:

"If the owners do not comprise an incorporated body but an association, the indictment should [identify] * * * the persons composing the association, giving their names so far as known to the grand jury."

The same doctrine was announced in People v. Brander, 244 Ill. 26, 91 N.E. 59, 60, 135 Am.St.Rep. 301, 18 Ann.Cas. 341, where the third person was designated in the indictment as "American Express Company, an association" without alleging incorporation.

In Joyce on Indictments, 2d Ed. 1924, Sec. 441, p. 508, the author says:

"Where such third party is a corporation, the indictment should aver facts which show that the company is a corporation. The use of a name which may import a corporation, or which, on the other hand, may be that of a voluntary association or a simple partnership, will not suffice. It is enough in civil cases, depending on corporate character, at least on appeal, to allege a name appropriate to a corporation; but the rule which requires indictments to aver every fact necessary to an affirmation of guilt, is not satisfied as long as one of these facts is left to implication or inference."

■ A reading of these cases convinces me that the allegation in the present indictment that the representation was made to Andrew Company is not sufficient, because it does not show whether the Andrew Company is a partnership or a corporation. Nor is the further allegation that the representation was made to the officials of the Andrew Company sufficient. If the Andrew Company is a corporation, the indictment should set out the facts showing this. If it is not, then the indictment should identify the persons composing the company, and should also give the names of the officials to whom the misrepresentation complained of was made. Under the indictment in its present form defendant would be obliged to go to trial without having an opportunity to prepare to meet the testimony of all of the witnesses whom the prosecution might produce, as being the persons to whom the misrepresentation was made.

For the reasons heretofore set out, I am of the opinion that the indictment in the instant case is insufficient, and therefore defendant's motion to dismiss the same is allowed.