(No. 31224▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK BARNES, Plaintiff in Error.

*Opinion filed January 18, 1950.*

FRANK BARNES, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and RICHARD T. CARTER, State's Attorney, of Belleville, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

March 26, 1935, the defendant, Frank Barnes, was indicted in the city court of East St. Louis for the murder of a woman named Clemmie Brown, also known as Clemmie Barnes. Three days later, upon being arraigned, Barnes entered a plea of not guilty and the court appointed two attorneys to represent him. On April 18, 1935, the day set for the trial, defendant's motion for a continuance, filed at an earlier date, was presented and denied. Thereupon, defendant withdrew his plea of not guilty and entered a plea of guilty. The court found defendant guilty of murder and, on April 24, 1935, after hearing evidence in mitigation of the offense, sentenced defendant to imprisonment in the penitentiary for life. Appearing *pro se,* defendant

prosecutes this writ of error. No bill of exceptions has been filed.

The single contention requiring consideration is that the court erred in denying the motion for a continuance. A second contention, that the court erred in failing to hear evidence in aggravation of the offense, has been abandoned. The written motion for a continuance and the supporting affidavits of defendant and each of his attorneys have been included in the record certified by the clerk of the trial court and filed by defendant in this court. While it is true that the right of an accused to appear and defend in person and by counsel requires that his counsel be accorded a reasonable opportunity to prepare for the trial, (*People* v. *Shiffman,* 350 Ill. 243; *People* v. *Blumenfeld,* 330 Ill. 474,) it is equally true that motions and affidavits are not part of the common-law record and may be preserved for review only by their inclusion in a bill of exceptions signed by the trial judge. (*People* v. *Yetter,* 386 Ill. 594; *People* v. *Levin,* 318 Ill. 227.) The clerk of the court cannot make them a part of the common-law record by merely copying them into the record certified to by him. (*People* v. *Reese,* 355 Ill. 562; *People* v. *Hobbs,* 352 Ill. 224.) Consequently, in the absence of a bill of exceptions, a motion for a continuance is not a part of the record and no assignment of error based upon the motion can be considered by this court upon review. (*People* v. *Weston,* 236 Ill. 104.) No bill of exceptions having been filed in the instant case, the ruling on the motion for a continuance has not been preserved for review and is not open to inquiry by this court.

The judgment of the city court of East St. Louis is affirmed.

*Judgment affirmed.*