(No. 32422.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EARNEST CONNORS, Plaintiff in Error.

*Opinion filed November 20, 1952.*

EARNEST CONNORS, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN J. BRESEE, State's Attorney, of Urbana, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Plaintiff in error, Earnest Connors, was convicted of the crime of burglary in the circuit court of Champaign County and sentenced to the penitentiary for an indeterminate term of fifteen years to life. Bringing only the common-law record, he comes to this court on writ of error seeking a reversal of the judgment of conviction on the grounds: (1) that the court erred in denying a motion for continuance; (2) that he was denied due process in that he was not given notice of the date of the hearing on a motion for new trial; and (3) that his constitutional rights were further violated when he was sentenced to the penitentiary at a time when he was not personally present in court.

The record discloses that plaintiff in error was indicted for burglary and larceny on June 16, 1948. The following day he appeared in court with counsel for arraignment

and made a motion to quash the indictment. At the same time he was released on bond. Shortly thereafter the motion to quash was denied and plaintiff in error entered a plea of not guilty. When the cause came on for hearing on July 6, 1948, plaintiff in error appeared and, through his counsel, made a motion for a continuance. Its denial is here assigned as error.

The clerk who certified the common-law record to this court has included the motion for continuance, and the affidavit upon which it is based, as a part of such record. The rule is well settled that motions and affidavits are not a part of the common-law record and the only way they can be preserved is by incorporating them in a bill of exceptions. (*People* v. *Reese,* 355 Ill. 562.) The clerk of the court cannot make them a part of the common-law record by copying them into the record and certifying to them. (*People* v. *Hobbs,* 352 Ill. 224.) Consequently, the motion for continuance made in this cause is not a part of the common-law record, and in the absence of a bill of exceptions the ruling on the motion has not been preserved for review and is not open to inquiry by this court. (*People* v. *Barnes,* 405 Ill. 30; *People* v. *Weston,* 236 Ill. 104.) As a practical matter, we note that the reason advanced for a continuance was the absence of a witness by whom plaintiff in error alleged he would impeach a proposed witness for the People. It could only be through the agency of a bill of exceptions informing us if the People's witness testified at the trial, and the substance of his testimony, that this court could determine if the denial of the motion resulted in prejudice to plaintiff in error.

It is next contended that the court erred and that plaintiff in error was denied due process for reason that the record does not show that he was given notice of the hearing on his motion for a new trial. This assignment of error is in direct contradiction of the order entered at the hearing which recites that plaintiff in error was given

notice. A defendant cannot be permitted by the mere filing of a brief and argument to dispute matters of record certified as being correct, as the common-law record certified by the clerk and filed on writ of error imports verity and cannot be contradicted except by other matters of record. (*People* v. *Sweeney,* 409 Ill. 223; *People* v. *Day,* 404 Ill. 268:) Though not conclusive, it is significant, too, that plaintiff in error's counsel was present at the hearing, thus lending support to the record's recital that notice had been given.

Further facts bearing on the foregoing contention, and upon the contention that the trial court violated his rights by imposing sentence when plaintiff in error was not present in court, are found in the judgment of conviction which shows that the court made a finding that plaintiff in error had failed to appear, that his whereabouts was unknown, and that he had violated the terms of his recognizance bond. An order forfeiting the bond was entered, and a *scire facias,* returnable September 20, 1948, was issued against plaintiff in error and his surety. When plaintiff in error did not answer on the return date, after being called in open court, a default and judgment of forfeiture were entered. From these proceedings appearing in the record, and with nothing before us to contradict or explain them, we must conclude that plaintiff in error's absence from court at the time of the hearing and sentence was voluntary and wilful on his part.

There remains the legal question of the power of the court to impose sentence upon plaintiff in error when he was not present before the court. We have had occasion to consider the question in *People* v. *Weinstein,* 298 Ill. 264, where it was held that a defendant freed on bail is under an obligation to attend court until his trial is completely at an end and judgment and sentence pronounced against him, and if, because of his wilful absence, he is not present in court, he has by his own wrong forfeited

all right to question the judgment and sentence rendered during his absence. Since we must presume from the bare record that his conduct was voluntary and wilful, plaintiff in error must be held to have waived his right to be present, and the court did not err in imposing sentence in his absence.

Plaintiff in error makes an additional claim that the trial court erred in granting, over objection, a motion by the State's Attorney for permission to endorse the names of additional witnesses on the indictment, notice of such names having previously been given to plaintiff in error's attorney. A court has wide discretion in permitting witnesses to testify whose names are not endorsed on an indictment. (*People* v. *Strosnider,* 264 Ill. 434; *People* v. *Williams,* 240 Ill. 633.) It follows that the court may likewise exercise its discretion in permitting the names of additional witnesses to be endorsed on an indictment. No abuse of that discretion is shown in this cause.

The judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*