SPAULDING ELEMENTARY SCHOOL DISTRICT No. 58, LAKE COUNTY, *et al.*, Plaintiffs-Appellants, *v.* COUNTY BOARD OF SCHOOL TRUSTEES OF LAKE COUNTY *et al.*, Defendants-Appellees.

(No. 73-151;

Second District—October 7, 1974.

N. E. Hutson, of Monticello, for appellants.

Jack Hoogasian, State's Attorney, and Lonchar & Nordigan, both of Waukegan, and Franke & Miller, of Chicago, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Lake County, Illinois, entered in administrative review proceedings, which affirmed orders of the County Board of School Trustees of Lake County attaching territory of a dissolved high school district, and underlying parts of two elementary districts, to an adjoining community unit district.

Waukegan Township High School District No. 119, in Lake County, failed for 2 consecutive years to maintain a school within its boundaries, and so it became automatically dissolved by reason of section 5—32 of the School Code. (Laws of Illinois 1967, p. 3396, § 1, now Ill. Rev. Stat. 1973, ch. 122, § 5—32, as amended.) It then became the duty of the County Board of School Trustees of Lake County to attach the territory of High School District No. 119 to some other district or districts, under section 7—11 of the School Code. (Ill. Rev. Stat. 1973, ch. 122 § 7—11.) Underlying High School District No. 119 were parts of two grade school districts, Spaulding Elementary School District No. 58 and Beach Park Community Consolidated School District No. 3, both of which maintained schools. A hearing was held by the County Board of School Trustees, as provided by section 7—11, and two orders were then entered by the Board. One of those orders dealt with that part of dissolved District No. 119's territory which overlay Elementary District No. 58, and the other dealt with that part of District No. 119's territory which overlay District No. 3. The two orders attached both of those areas, comprising all the territory of dissolved District No. 119, to the Waukegan Community Unit School District No. 60 which adjoined.

Elementary District No. 58, its board of education, and a group of persons residing in that part of its territory underlying dissolved District No. 119, then filed a complaint for administrative review, naming as defendants the County Board of School Trustees and other school districts and boards affected by its two orders. The plaintiffs wanted to prevent the division of their district and the disappearance of that part which underlay District No. 119 and was to be absorbed into the community unit district. They sought, therefore, to have High School District No. 119's territory annexed to another high school district which also adjoined, Warren Township High School District No. 121, rather than to the unit district. This would have left the underlying grade school districts undisturbed. (See *Community Unit School District No. 2 v. Moore*, 46 Ill.App.2d 14, 21.) However, in the administrative review

proceedings the action taken by the County Board of School Trustees was upheld, and so the plaintiffs have now appealed to this court.

The plaintiffs claim that the County Board of School Trustees and the circuit court misconstrued and misapplied the School Code, and that the findings and orders of the Board were not supported by the evidence but were against the manifest weight of the evidence. We must therefore consider both the statutes and decisions applicable in this case and the evidence which was offered at the hearing before the Board.

It is the position of the plaintiffs that where a nonoperating high school district has been dissolved and it is adjoined by both a community unit district and another high school district, its territory must be attached to the like district so as not to destroy the underlying common school district or districts, by reason of what was said in the opinion rendered by this court in *Community Unit School Dist. No. 2 v. Moore.* The defendants rely on our narrower holding in that same case as authority supporting what was done in the case now before us.

■■ In *Moore* we similarly considered the dissolution of a high school district under section 5—32 for failure to maintain a high school for two consecutive years, and the annexation of its territory to adjacent unit districts under section 7—11. Underlying was a functioning grade school district, like District No. 58 except for having exactly the same territorial boundaries as the high school district. Only unit districts adjoined, so the grade school district was imperilled. We upheld the annexation, and held that the underlying elementary district was thereby destroyed, although we acknowledged that the legislature had not specifically provided for this result in section 7—11. In effect we imported language from section 7—27 of the School Code (Ill. Rev. Stat. 1973, ch. 122, § 7—27), which deals in a similar way with annexation of territory eliminated from a non-high school district rather than territory of a dissolved nonoperating district, and which specifically states that upon the annexation of such territory to a district maintaining grades 1 to 12, inclusive, the underlying elementary district automatically becomes part of the district to which the territory is annexed. Statutes *in pari materia* should be construed together, and a provision omitted from one of them may be borrowed from another. (*Scofield v. Board of Education,* 411 Ill. 11, 20; *Ketcham v. Board of Education,* 324 Ill. 314, 317; *People ex rel. Shriver v. Cowen,* 283 Ill. 308, 315.) Thus *Moore* establishes that under the School Code a county board of school trustees does indeed have the power, by attaching the territory of a dissolved nonoperating high school district to an adjoining unit district, to end the independent existence of an underlying grade school district.

■■ The plaintiffs point out, however, that in *Moore* this court said:

"It would appear that the territory of High School District No. 18 could have been attached to a high school district or districts adjoining it without disturbing the legal status of 103. But no such districts adjoin. 18 is entirely surrounded by Unit School Districts." (46 Ill.App.2d at 21.) The plaintiffs take this to mean: "If the territory of High School District No. 18 could have been attached to a high school district or districts adjoining it, that should have been done so as not to disturb the legal status of 103." But this is not what was said, and *Moore* should not be considered to have established the proposition that preservation of the legal status of an underlying common school district is an imperative, or even an item which should receive consideration along with those other matters which section 7—11 of the School Code requires a county board of school trustees to take into consideration. We therefore hold that in the case before us the County Board of School Trustees of Lake County had the power to annex High School District No. 119's territory to a community unit district though another high school district also adjoined, and pass on to the question of the propriety of its exercise of that power on the evidence presented.

■■ We have reviewed the testimony, and it appears to us that there was adequate evidence to support the County Board in its findings. The testimony showed that Waukegan's Community Unit School District No. 60 offered a much more comprehensive and diversified high school program than High School District No. 121; was the place where students from dissolved District No. 119 were already attending high school; and had planned to continue using the grade school buildings in the annexed territory for handling elementary students. On the other hand, High School District No. 121 was already experiencing a financial crisis; had no room for more students, nor extra busses and drivers to transport them; and officially opposed the annexation of dissolved District 119's territory to District 121. The desire of the parents residing in that part of Elementary District No. 58 underlying dissolved District No. 119 to retain local control of their grade school was not something that could or should have been considered by the County Board under section 7—11. (*Cf. Board of Education v. County Board of School Trustees*, 12 Ill App.2d 93.) We find that the County Board considered those things which the legislature directed it to consider in section 7—11 of the School Code, and that its findings and orders were supported by the evidence and were not against the manifest weight of the evidence. We therefore affirm the order of the Circuit Court of Lake County which affirmed the orders of the County Board of School Trustees.

Order affirmed.

SCOTT, P. J., and STOUDER, J., concur.